## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

Teresa Carol Franks                                                    Plaintiff

### No. 3:13-CV-264-JTR

Carolyn W. Colvin, Acting Commissioner,                          Defendant
Social Security Administration

### MEMORANDUM AND ORDER AFFIRMING THE COMMISSIONER

Teresa Carol Franks seeks judicial review of the denial of her third application for supplemental security income (SSI).[1]  Franks bases disability on Graves' disease, bad nerves, heart problems, bone deterioration, and depression.[2]  Franks has few reported earnings.[3]  Unreported earnings flowed from working as a care-giver for elderly clients; she also worked as a housekeeper.[4]  Franks was unemployed when she applied for SSI,[5] but she worked as a housekeeper at the time of her hearing.[6]  She

---

[1]SSA record at p. 115 (applying for SSI on Nov. 2, 2010 and alleging disability beginning Nov. 18, 2009).  *See id*. p. 136 (showing prior applications denied on Feb. 13, 2004 and Oct. 20, 2010).

[2]*Id*. at p. 140.

[3]*Id*. at pp. 121 & 125 (reported earnings record).

[4]*Id*. at pp. 141, 147 & 171.

[5]*Id*. at p. 140 (reporting that she last worked on July 1, 2010).

[6]*Id*. at p. 39 (testifying that she was working part-time as a housekeeper; before that, she worked as a housekeeper for Holiday Inn for two months and then as a laundry aide for two months).

testified that she had to work in order to pay her rent.[7]

**The Commissioner's decision**.  After considering the third application, the Commissioner's ALJ determined Franks has severe impairments — Graves' disease, thyroid problems, osteopenia, hypertension, and depression[8] — but she can do sedentary work involving simple job instructions.[9]  Because a vocational expert identified available sedentary work,[10] the ALJ concluded that Franks is not disabled under the Social Security Act and denied the application.[11]

After the Commissioner's Appeals Council denied a request for review,[12] the decision became a final decision for judicial review.[13]  Franks filed this case to challenge the decision.[14]  In reviewing the decision, the court must determine whether

---

[7]*Id*. at p. 40.

[8]*Id*. at p. 16.

[9]*Id*. at pp. 16-17.

[10]*Id*. at pp. 54-55 (identifying charge account clerk, food order clerk and production inspector/examiner as representative work).

[11]*Id*. at p. 23.

[12]*Id*. at p. 1.

[13]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the appeal procedure permits claimants to appeal only final decisions).

[14]Docket entry # 1.

2

substantial evidence supports the decision and whether the ALJ made a legal error.[15]

**Franks's allegations of error**.  Franks challenges the determination that she can do some sedentary work.  She relies on the agency examiner's opinion that she is limited in reaching, handling, fingering, feeling, balancing, stooping, kneeling, crouching, and crawling.  Because she claims the ALJ omitted these limitations from the hypothetical question, she maintains she can do none of the jobs identified by the vocational expert.  She contends the ALJ played doctor and made independent medical findings.  She insists the combined effects of thyroid disease, osteopenia, hypertension, and depression prevent her from working.  For these reasons, she maintains substantial evidence does not support the decision.[16]

**Applicable legal principles**.  For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Franks can do some

---

[15]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[16]Docket entry # 11.

sedentary work.[17]  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[18]  Sedentary work "represents a significantly restricted range of work. Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[19]  The ALJ limited sedentary work by requiring work involving simple job instructions, simple judgment, and minor changes in routine.[20]  The court must determine whether a reasonable mind would accept the evidence as adequate to show Franks can work with these limitations.

**Substantial evidence exists**.  When asked about her impairments, Franks relied primarily on thyroid disease.  She said her disease drains her energy and prevents her from sleeping.[21]  She also relied on bone deterioration.  She said it causes her to lose

---

[17]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[18]20 C.F.R. § 416.967(a).

[19]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

[20]SSA record at p. 16-17.

[21]*Id*. at pp. 43-44.

her balance and fall.[22]  These  allegations are not enough to prove Franks is disabled because a determination of disability must be supported by medical evidence.[23]  The medical evidence does not support Franks's allegations because it shows no very serious functional limitation preventing sedentary work.

**Franks underwent an agency physical examination,[24] but the examination documented little impairment**.  At the time of the exam, Franks had Graves' disease[25] — a thyroid cancer characterized by an over-active thyroid gland.  Graves' disease can cause "sudden weight loss with increased appetite, shortness of breath and fatigue, intolerance of heat, heart palpitations, increased frequency of bowel movements, warm and smooth skin, weak muscles, tremors, anxiety, and difficulty sleeping."[26]  People with Graves' disease may also have a goiter — the visible

---

[22]*Id*. at p. 52-53.

[23]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability.").

[24]SSA record at pp. 386-88.

[25]*Id*. at p. 451 (treatment note dated Mar. 9, 2009 diagnosing hyperthyroidism).

[26]Teresa G. Odle, Rosalyn Carson DeWitt & Rebecca J. Frey, 3 The Gale Encyclopedia of Med. 2220 (4th ed.).

enlargement of the thyroid gland — and bulging eyes.[27]

The agency examiner observed bulging eyes,[28] but little else to indicate Graves' disease limits function. Franks has full range of motion, except for limited internal rotation of hips.[29] She has a normal gait, although she has some mild problems with balance,[30] she can't heel/toe walk, and she can't squat all the way to the floor.[31] Despite his medical findings, the examiner reported several functional limitations.

The agency examiner documented full grip strength and full muscle strength,[32] but limited Franks to occasional handling, fingering, feeling, and pushing/pulling based on complaints of hand pain.[33] Up to this point, medical records reflect only one complaint of hand pain.[34] Franks reported no problems with her hands when she

---

[27]*Id.*

[28]SSA record at p. 387 (observing marked exophthalmos). "The most common cause of exophthalmos is Graves' disease, overactivity of the thyroid gland. The contents of the orbits swell due to inflammation, forcing the eyes forward." J. Ricker Polsdorfer, 2 The Gale Encyclopedia of Med. 1644 (4th ed.).

[29]SSA record at p. 387.

[30]*Id.* at p. 388.

[31]*Id.*

[32]*Id.* at p. 387.

[33]*Id.* at p. 391.

[34]*Id.* at p. 498 (Franks complained about hand pain on Dec. 16, 2010, when she sought medication refills). At that time, she asked emergency room staff to confirm

applied for SSI.[35]  The examiner also limited Franks to occasional use of right foot controls, and occasional climbing, balancing, stooping, kneeling, crouching, and crawling based on arthritis and right knee pain.[36]  Franks complained about knee pain once;[37] she has not complained about arthritic symptoms.

After reviewing the examiner's report and treatment records, agency medical consultants characterized the agency examiner's limits as "overly restrictive" and opined that Franks can do light work.[38]  According to the consultants, there was no basis for limiting reaching because Franks has a normal grip strength and a full range of motion in all joints; in addition, there was no basis for limiting foot controls. Because nothing contradicted the consultants, the ALJ rejected the agency examiner's limitations.  The ALJ did not make independent medical findings as Franks suggests, but instead relied on the agency consultants.  Despite the reliance, the ALJ limited Franks to sedentary work.  The presence of Graves' disease supports the reduction because the disease can cause fatigue.  Franks's impairments provide no basis for

---

her medical records reflected rheumatoid arthritis so she could obtain disability benefits.  *Id*. at p. 612.  Franks does not have rheumatoid arthritis.

[35]*Id*. at p. 164.

[36]*Id*. at p. 391.

[37]*Id*. at pp. 610, 612 & 498 (Dec. 16, 2010).

[38]*Id*. at pp. 419, 438 & 440.

disability because the evidence reflects no very serious functional limitation preventing sedentary work.

**Franks's impairments provide no basis for disability because the impairments can be controlled with treatment**. "An impairment which can be controlled by treatment or medication is not considered disabling."[39] Franks's primary impairment is Graves' disease. The disease is "generally treatable and carries a good prognosis."[40] Whenever possible, it is treated with antithyroid drugs and radioactive iodine.[41] Beta blockers are used to reduce symptoms until antithyroid medications take effect.[42]

Medical providers have prescribed antithyroid drugs for several years, and beta-blockers when Franks stops taking the drugs.[43] The prescribed treatment reflects medical opinion that Franks's impairment can be controlled by treatment. Franks's symptoms — like heart palpitations and hypertension — fluctuate with compliance.

---

[39]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[40]Teresa G. Odle, Rosalyn Carson DeWitt & Rebecca J. Frey, 3 The Gale Encyclopedia of Med. 2222 (4th ed.).

[41]*Id*. at p. 2221.

[42]*Id*. at pp. 2221-22.

[43]*See*, *e.g.*, SSA record at p. 451 (Mar. 9, 2009, prescribing antithyroid drug and beta blocker), p. 513 (Jan. 5, 2011, prescribing antithyroid drug) & p. 545 (Feb. 15, 2012,  prescribing antithyroid drug and beta blocker).

**Franks's impairments provide no basis for disability because Franks does not comply with prescribed treatment**.  To obtain disability benefits, a claimant must follow prescribed treatment if treatment can restore the ability to work.[44]  Lack of financial resources sometimes justifies the failure to seek medical attention or to follow prescribed treatment, but such is not the case here.[45]  Franks lacks medical insurance, but she has access to charity clinics.[46]  Her medications are on WalMart's four-dollar list.

The problem with Franks's treatment isn't financial resources; the problem is compliance.  Franks seeks no regular care.[47]  Instead, she seeks medication refills on an emergency basis.[48]  She has not committed to regular treatment.  As a result, her thyroid levels fluctuate, exacerbating her symptoms.

---

[44]20 C.F.R. § 416.930.

[45]*Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989).

[46]SSA record at pp. 229-30, 558-59 & 574 (visits to Jonesboro Church Health Clinic) & p. 498 (visit to Mission Outreach Charitable Clinic).

[47]*See*, *e.g*., *id*. at p. 229 (Oct. 16, 2009, return in two months with thyroid panel; she did not return), p. 257 (Oct. 27, 2010, go to the church clinic for treatment; she did not go), p. 512 (Jan. 5, 2011, go to Good Samaritan Clinic for followup treatment; she did not go) & p. 558 (Mar. 2, 2012, return in 3-4 months with thyroid panel; she didn't do this).

[48]*See*, *e.g*., *id*. at p. 509 (Jan. 5, 2011, emergency room visit; she asked for thyroid medication) & p. 363 (Feb. 15, 2011, emergency room visit; she asked for a thyroid check and thyroid medication).

**Osteopenia poses no disabling limitation**.  Osteopenia occurs when bone is lost faster than it is formed; untreated, it can develop into advanced bone loss or osteoporosis.[49]  Osteoporosis causes bone fragility and increases the risk of bone fracture.[50]  Both conditions can be treated.[51]  Diagnostic imaging shows Franks has osteopenia,[52] placing her at an increased risk of fractures, but she doesn't have osteoporosis and she hasn't had a bone fracture.  Osteopenia poses no limitation.[53]

**Franks's mental symptoms do not prevent her from working**.  Franks complained about bad nerves, problems with concentration, and depression; she attributed some symptoms to her thyroid problem.[54]  Graves' disease can cause

---

[49]Jennifer F. Wilson, Tish Davidson & Rebecca J. Frey, 4 The Gale Encyclopedia of Med. 3195 (4th ed.).

[50]*Id*. at 3194.

[51]*Id*. at p. 3199.

[52]SSA record at p. 587.

[53]*See* Jennifer F. Wilson, Tish Davidson & Rebecca J. Frey, 4 The Gale Encyclopedia of Med. 3200 (4th ed.) ("People do not die from osteoporosis itself but from complications from bone fractures. These complications can include chronic pain, pneumonia, blood clots in the deep veins of the leg, or breathing disorders caused by the stooped posture resulting from compression fractures in the spine.").

[54]SSA record at p. 384.

anxiety and mood changes,[55] but treatment records reflect no complaints about these symptoms.  According to the psychological examiner, Franks has some depression, but she hasn't been treated for depression.[56]  The psychological examiner reported a mild limitation in remembering and understanding; and moderate limitations in concentration, persistence, social interaction, and adaptation.[57]  These limitations limit the ability to perform detailed work,[58] but they do not prevent Franks from doing simple work.[59]

**Vocational evidence supports the decision**.  The ALJ asked a vocational expert about sedentary work for a person with Franks's impairments.  The vocational expert identified charge account clerk, food order clerk, and production inspector/examiner as representative work.[60]  The vocational expert's response shows work exists that Franks can do, regardless of whether such work exists where she

---

[55]Teresa G. Odle, Rosalyn Carson DeWitt & Rebecca J. Frey, 3 The Gale Encyclopedia of Med. 2220 (4th ed.).

[56]SSA record at p. 383-84.

[57]*Id*.

[58]*Id*. at p. 409-10 (opining that Franks is moderately limited in following detailed instructions and responding to changes in routine).

[59]*Id*. at p. 411 (opining that she can understand and remember one-to-three step tasks and instructions).

[60]*Id*. at pp. 54-55.

lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[61]  Because such work exists, Franks was not disabled under social security law. Franks's argument about the omission of limitations in reaching, handling, fingering, and feeling provides no basis for relief because there is no evidence of problems with the hands or arms.  Her argument about the omission of limitations in balancing, stooping, kneeling, crouching, and crawling provide no basis for relief because sedentary work does not require those functions.

**Conclusion**.  A reasonable mind would accept the evidence as adequate to support the ALJ's decision because: (1) the medical evidence shows no very serious functional limitation preventing sedentary work involving simple tasks; (2) Franks's impairments can be controlled with treatment; and (3) Franks's symptoms flow from non-compliance.  Substantial evidence supports the decision.  The ALJ made no legal error.  For these reasons, the court DENIES Franks's request for relief (docket entry #2) and AFFIRMS the Commissioner's decision.

It is so ordered this 12th day of January, 2015.

_____
United States Magistrate Judge

---

[61]42 U.S.C. § 1382c(a)(3)(B) (defining "disability" under social security law).

12